1  LATHAM & WATKINS LLP
   Daniel Scott Schecter (Bar No. 171472)
2    *daniel.schecter@lw.com*
   Robert J. Ellison (Bar No. 274374)
3    *robert.ellison@lw.com*
   355 South Grand Avenue
4  Los Angeles, California 90071-1560
   Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Petitioner
7  MVL Film Finance, LLC

**FILED**

**NOV 0 4 2014**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

***VC***

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  IN RE: DMCA SECTION 512(h)          CASE NO.
11  SUBPOENA TO GOOGLE, INC.
                                 **CV 14 80 303 MISC**
12                                **MVL FILM FINANCE, LLC'S
                                  REQUEST TO THE CLERK FOR**
13                                **ISSUANCE OF SUBPOENA,
                                  PURSUANT TO 17 U.S.C. §512(h), TO**
14                                **IDENTIFY ALLEGED INFRINGERS**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          MARVEL'S REQUEST TO THE CLERK FOR
                                          ISSUANCE OF DMCA SUBPOENA

1    Petitioner MVL Film Finance, LLC ("Marvel"), through its undersigned

2  counsel of record, hereby requests that the Clerk of this Court issue a subpoena on

3  Google, Inc. ("Google") to identify an alleged infringer or infringers, pursuant to

4  the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (the

5  "DMCA Subpoena"). The proposed DMCA Subpoena is attached hereto as

6  Exhibit A.

7    The DMCA Subpoena is directed to Google, the service provider of the

8  "Google Drive", "Google+" and YouTube accounts, to which the infringing party,

9  identified as John Gazelle, posted content known as "Avengers: Age of Ultron",

10  which infringes copyright rights held by Marvel (the "Infringing Content"). (*See*

11  Declaration of Matthew Slatoff, ¶ 2.)

12    Marvel has satisfied the requirements for issuance of a subpoena pursuant to

13  17 U.S.C. § 512(h), namely:

14    (1)    Marvel has submitted a copy of the notification required by 17 U.S.C.

15        § 512(c)(3)(A) as Exhibit 1 to the Slatoff Declaration, submitted

16        concurrently herewith;

17    (2)    Marvel has submitted the proposed DMCA Subpoena concurrently

18        herewith; and

19    (3)    Marvel has submitted a sworn declaration confirming that the purpose

20        for which the DMCA Subpoena is sought is to obtain the identity of

21        an alleged infringer or infringers, and that such information will only

22        be used for the purpose of protecting Marvel's rights under Title 17

23        U.S.C. § 512(h)(2).

24    Accordingly, in support of its request for a DMCA Subpoena, Marvel

25  submits and attaches:

26    o  A copy of the notification described in 17 U.S.C. § 512(c)(3)(A)

27        (*see* Slatoff Decl., Ex. 1);

28

1    o  A proposed DMCA Subpoena directed to the service provider
2        (Google) (Ex. A hereto); and
3    o  A sworn declaration that the purpose for which the DMCA Subpoena
4        is sought is proper under the DMCA. (*See* Slatoff Decl., ¶ 4.)
5    Because Marvel has complied with the statutory requirements, Marvel
6    respectfully requests that the Clerk expeditiously issue and sign the proposed
7    DMCA Subpoena pursuant to 17 U.S.C. § 512(h)(4) and return it to undersigned
8    counsel for service on the subpoena recipient.
9    Dated: November 4, 2014                 Respectfully submitted,
10                                            LATHAM & WATKINS LLP
11
12                                            By /S/ Daniel Scott Schecter
                                                Daniel Scott Schecter
                                                Robert J. Ellison
13                                              Attorneys for Petitioner
                                                MVL Film Finance, LLC
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

IN RE: DMCA SECTION 512(h) SUBPOENA TO
GOOGLE, INC.

)
)
)

Civil Action No. $14-80303$ *W HA*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google, Inc.   1600 Amphitheatre Pkwy, Mountain View, CA 94043

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *SEE ATTACHMENT A.*

| Place: Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California, 94111-6538 | Date and Time:<br>November 18, 2014 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
MVL Film Finance, LLC _____ , who issues or requests this subpoena, are:

Daniel Scott Schecter, Latham & Watkins LLP, 355 S. Grand Ave., Los Angeles, CA 90071, daniel.schecter@lw.com, 213-891-8679

LA\3874134.3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**ATTACHMENT A**
**DOCUMENTS TO BE PRODUCED UNDER SUBPOENA**

1. All identifying information for the user "John Gazelle," who posted a file named ap_tlr-1_int_360p.mp4 and containing content known as "Avengers: Age of Ultron" at the site https://drive.google.com/file/d/0By4e12DxrjXQZ3FUaE0yVFlTSlU/view?pli=1 (the "Google Drive Site") on October 22, 2014 at 3:04 p.m., including but not limited to any information provided when the account or profile of "John Gazelle" was established, billing or administrative records that establish the name(s), address(es), telephone number(s), email address(es), IP address(es) used by such user, account number(s), and any other electronic or physical documents identifying the foregoing ("Identifying Information");

2. The IP address from which the file named "ap-tlr-1_int_360p.mp4" and containing content known as "Avengers: Age of Ultron" was uploaded to the Google Drive Site;

3. The IP address(es) used to create the Google Drive account for the user "John Gazelle";

4. The IP address(es) from which (a) the Google Drive account for the user "John Gazelle," and/or (b) the Google Drive Site were accessed on October 22, 2014, and at any time between September 22, 2014 and October 22, 2014;

5. All information provided by the user when the account or profile of "John Gazelle" was established on Google Drive, including any Identifying Information;

6. The IP address(es) from which the Google+ Account located at https://plus.google.com/108189076291438654984/posts (the "Google+ Account") was established and all IP addresses associated with the activity on this profile on October 22, 2014, and at any time between September 22, 2014 and October 22, 2014;

7. All information provided when (a) the account or profile of "John Gazelle" was established on Google+, and/or (b) the Google+ Account was established, including any Identifying Information;

8. The IP address(es) from which the YouTube account or profile at the site https://www.youtube.com/channel/UC7US0apIiZqXRsZAu3_mq0Q (the "YouTube Account") was established, and all IP addresses associated with the activity on this profile on October 22, 2014, and at any time between September 22, 2014 and October 22, 2014; and

9. All information provided when (a) the account or profile of "John Gazelle" was established on YouTube, and/or (b) the YouTube Account was established, including any Identifying Information.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

LA\3874134.3

Case3:14-mc-80303-VC Document1 Filed11/04/14 Page8 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---